UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITSUI RAIL CAPITAL, LLC,

      Plaintiff,

-vs-

DETROIT CONNECTING RAILROAD
COMPANY, a Michigan corporation;

      Defendant.

**Consolidated
Case No. 13-13502**
Hon. Marianne O. Battani
Magistrate Judge Hluchaniuk

_____

LIBERTY SURPLUS INSURANCE
COMPANY, a New Hampshire Corporation,

      Plaintiff,

-vs-

DETROIT CONNECTING RAILROAD
COMPANY, a Michigan corporation,

      Defendant/Cross-Plaintiff,

-vs-

FERROUS PROCESSING AND TRADING
COMPANY, a Michigan corporation,

      Defendant/Cross-Defendant.

_____

1

DANIEL J. SEYMOUR (P38908)          C. ROBERT DOBRONSKI III (P72684)
DAVID R. BAXTER (P31121)            Attorney for Defendant DCON
Attorneys for Plaintiff             38235 Executive Drive
155 W. Congress, Suite 603          Westland, MI 48185
Detroit, MI 48226                   (734) 641-2300
(313) 964-2040                      CRDobronski@abrailroad.com
dseymour@nbslawyer.com
dbaxter@nbslawyer.com


FRED C. BEGY III                    CHARLES E. KOVSKY (P25493)
MARK A. STANG                       Co-Counsel for Defendant DCON
Of Counsel for Plaintiff            31077 Schoolcraft Road
30 S. Wacker Dr., Ste. 2600         Livonia, MI 48150
Chicago, IL 60606                   (734) 522-2120, ext. 1126
(312) 855-5442                      ckovsky@engenius.com
fbegy@chuhak.com
mstang@chuhak.com


RICHARD M. MITCHELL (P45257)
DANIEL U. WARSH (P75515)
Attorney for Liberty
28400 Northwestern Highway
3rd Floor
Southfield, MI 48034
(248) 827-1875
rmitchell@maddinhauser.com
dwarsh@maddinhauser.com

---

### PLAINTIFF MITSUI RAIL CAPITAL, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(a)

NOW COMES the above-named Plaintiff Mitsui Rail Capital, LLC

(hereinafter "MRC"), by and through its attorneys, Nagi, Baxter & Seymour, P.C.,

and for and as its Reply to the Response of Defendant Detroit Connecting Railroad

Company (hereinafter "DCON") to MRC's Motion for Summary Judgment filed October 2, 2014 [Docket #95] and, initially, relies on and incorporates the legal arguments and assertions of Consolidated Plaintiff Liberty Surplus Insurance Company (hereinafter "Liberty") Amended Motion for Summary Judgment filed September 3, 2014 [Docket #89], and Liberty's Response to Defendant DCON's Motion filed October 2, 2014 [Docket #99], for and in support of Plaintiff MRC's Motion for Summary Judgment pursuant to **F.R.C.P. 56(a)** against Defendant DCON in this matter.

For purposes of this Reply Brief, MRC continues to rely on its legal arguments contained within its Motion in chief [Docket #86] and its Response to DCON's Motion [Docket #98].

In addition, MRC replies to several statements and assertions contained within DCON's Response [Docket #95], which require addressing:

1.      The Lease at issue – is unambiguous – and places responsibility on Lessee [DCON] for the condition of the cars at Lease termination.

However DCON, in it's Response [Docket #95] , as well as its moving papers [Docket #83], takes the position, in pages 9-18 of DCON's Response, that the Lease specifically, in Article 12 [Return of Cars] read with Article 8 [Maintenance and Repairs] do not affix liability on DCON for the condition of the cars at Lease end.

This assertion is incorrect.  MRC sets forth the relevant section of Article 12 as follows:

> "12. <u>Return of Cars</u>
> "a. At the end of the designated term, Lessee, at its expense, shall deliver each car to Lessor at the point designated in the applicable Exhibit A, and in the condition required by Article 8 [Maintenance and Repair]…
>
> "8. <u>Maintenance and Repair</u>
> "Except as otherwise provided herein, Lessor shall, at its expense, perform or arrange and pay for the performance of inspection, maintenance and repair to the cars that shall be necessary to maintain the cars in good operating condition as specified in AAR Interchange and FAR rules; **PROVIDED**, however, that such inspections, repairs and maintenance ("Maintenance") shall be performed at Lessee's expense in the event that such maintenance (1) was occasioned by an event for which Lessee has handling line responsibility under Rule 95 of the AAR Interchange Rules, including damage by a shipper on Lessee's line, or (2) **ARISES IN ANY INSTANCE IN WHICH THE APPLICABLE INTERCHANGE RULES WOULD ASSIGN RESPONSIBILITY TO LESSEE FOR THE LOSS, DAMAGE, DESTRUCTION OR LIABILITY REQUIRING SUCH MAINTENANCE**…" (Emphasis added).

§8(a)(2) of the Lease specifically states that Lessee is responsible for [damage to the cars] where the damage…arises in any instance in which the applicable Interchange Rules would assign responsibility to Lessee for the loss or damage of the cars.

As set forth in MRC's Motion in chief, and Response to DCON's Motion, Rule 89 of the AAR affixes liability to the ultimate receiving road, here DCON, as

testified by DCON's President, Mark Dobronski: "A. The empties always come back to Detroit Connecting Railroad, that's correct." (See Attachment Exhibit D to MRC's Motion in Chief, Dobronski Dep, p 19).

As previously stated, regardless of when or where DCON set the cars through the continental United States, the Lease held DCON to be the party ultimately responsible for their care, custody and control. (See Lease, §8, §10 and §12).

After using the twenty (20) railcars for ten (10) years, when DCON finally presented the railcars back to MRC at lease end…i.e. when the "empties" had returned to DCON's lines one final time, DCON did not prepare any report – as contemplated by AAR Rule 89 – documenting the condition of the cars for the interline carrier (or non-party) which delivered/returned the cars to DCON.  DCON chose not to prepare a condition report at their peril, and, pursuant to the operation of AAR Rule 89, because the responsible and ultimate receiving line. Hence, MRC's principal case cited as authority, **Greyhound Financial Corp.** v. **Grand Trunk Western Railroad Company, 796 F.Supp. 1019 (E.D. Mich. 1992**), is directly on point.  As discussed in both MRC's Motion for Summary Judgment, and in Consolidated Plaintiff Liberty's Motion for Summary Judgment and Response, the issue in **Greyhound**, as here, was whether a lessee was liable for damages for failure to return leased railcars in good condition to a lessor following

5

the conclusion of the lease.  Like the lease in this instant case, the lease in

**Greyhound** placed an affirmative duty of repair on the lessee for the leased cars

pursuant to the lease.  Like MRC and DCON, the litigants in **Greyhound** were

both bound by the standards and rules of the AAR. **Greyhound, Supra at 1021**.

  As MRC engaged the services of an independent evaluator, Progress Rail, in

conducting the AAR damage inspection to the leased railcars in the instant case, a

similar engagement occurred in **Greyhound**.  The Court noted:

> "AAR Rules 88 and 89 govern the interchange of freight traffic
> by insuring that a car which is offered or accepted in
> interchange meets certain minimum standards to assure that it
> has no basic structural weakness or damage that would cause an
> unsafe operating condition on an accepting line. The Rules also
> insure against unfair rejections, or opportunistic making of
> unnecessary repairs and billing therefore." **Greyhound, Supra
> at 1021**.

  2.  MRC's argument regarding the lack of insurance is valid, tenable,

and, by DCON failing to carry insurance as required by the Lease, establishes a

separate and independent cause of action.

  In reply to DCON's response regarding the issue of insurance, MRC sets

forth the relevant portion of §11 of the Lease as follows:

> "During the Term, Lessee shall keep or cause to be kept with
> insurance companies acceptable to Lessor, (1) comprehensive
> general liability insurance, including contractual coverage for
> the liabilities assumed herein,…such certificate shall name
> Lessor [MRC] and any party which has interest in cars as
> notified by Lessor from time to time as an additional insured
> and/or loss payee."

However, as testified by DCON President Mark Dobronski at his deposition, a claim was made by DCON to the insurance company for the condition of the railcars, and said claim was denied.  Upon information and belief, the claim was denied because DCON arbitrarily chose to place the deductible for damage to each car at an excessively high value per car, an amount in excess of the damage noted in the Progress Rail condition reports (i.e. damage to each car was less than $25,000).  Thus, no insurance claim was compensable.  The arbitrary setting of an unreasonably high deductible renders the protection afforded by §11 [Insurance] of the Lease meaningless.

As set forth in MRC's Motion in chief, thus, the promise by DCON to procure insurance in favor of MRC is an obligation separate and distinct from DCON's obligation to indemnify MRC and DCON's failure to have coverage for the damage was a breach.

<div style="margin-left:40%">

Respectfully submitted,
NAGI, BAXTER & SEYMOUR, P.C.

By:  /s/David R. Baxter
     DAVID R. BAXTER (P31121)
     Attorney for Plaintiff MRC
     155 West Congress
     Suite 603
     Detroit, MI 48226
     (313) 964-2040

</div>

Dated: November 3, 2014

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

C. Robert Dobronski III                CRDobronski@abrailroad.com,
                                       Kmerritt@abrailroad.com,
                                       mdobronski@abrailroad.com

Charles E. Kovsky, Esq.                ckovsky@engenius.com,
                                       ckovsky@twmi.rr.com

Richard M. Mitchell, Esq.              rmitchell@maddinhauser.com,
                                       nanderson@maddinhauser.com

Daniel U. Warsh, Esq.                  dwarsh@maddinhauser.com,
                                       mhughes@maddinhauser.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

**<u>NONE KNOWN</u>**

By: /s/David R. Baxter
    DAVID R. BAXTER (P31121)
    Attorney for Plaintiff MRC
    155 West Congress
    Suite 603
    Detroit, MI 48226
    (313) 964-2040
    e-mail: dbaxter@nbslawyer.com